IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | |
| § | No. 3:22-MJ-1077-BN |
| LUIS ANGEL CISNEROS ALONZO, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER OF DETENTION PENDING
PRETRIAL RELEASE REVOCATION HEARING**

Defendant Luis Angel Cisneros Alonzo is facing a pretrial release revocation hearing in the district where his case is pending, the United States District Court for the Eastern District of Texas.

On November 18, 2022, Defendant appeared for an initial appearance in this court, as the district of arrest, under Federal Rule of Criminal Procedure 40. Defendant was entitled to be made aware of the allegations in the petition and to retain, or have an appointed, counsel to represent her in this district in these revocation proceedings.

And, as the Court explained at the initial appearance, in the undersigned's view, Defendant was entitled, in this district of arrest, to an identity hearing and a pre-revocation-hearing detention hearing – but not to any preliminary (or so-called probable cause) hearing. *See United States v. Martin*, No. 3:22-mj-906-BN, 2022 WL 4370447 (N.D. Tex. Sept. 21, 2022). Having been so advised, and after conferring with his appointed counsel, Defendant knowingly and voluntarily waived his right to an

-1-

identity hearing but elected to have a pre-revocation-hearing detention hearing in this district.

On November 23, 2022, the Court held that pre-revocation-hearing detention hearing. Defendant appeared in person and through counsel and announced ready to proceed. The government appeared through an Assistant United States Attorney for the Northern District of Texas and likewise announced ready.

Rule 40(c) provides, in a section entitled "Release or Detention Order," that "the [magistrate judge in the district of arrest] may modify any previous release or detention order issued in another district, but must state in writing the reasons for doing so." FED. R. CRIM. P. 40(c). "[I]n light of Rule 40(c)(3), when faced with a defendant arrested on a warrant by a separate charging district for alleged pretrial release violations issued, the magistrate judge in the district of arrest is put to deciding whether the defendant should be continued on existing conditions or modified conditions of release pending the final hearing on a motion to revoke release in the charging district or should be detained pending that hearing (and transferred by the United States Marshals Service to the charging district). And so the magistrate judge in the district of arrest should hold a hearing to allow the parties to be heard in connection with that decision that Rule 40(c)(3) contemplates and authorizes the judge in the district of arrest to make." *Martin*, 2022 WL 4370447, at *5.

As a general matter, "[t]he provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." FED. R. CRIM. P. 46(a). Here, the Court has considered the testimony of the supervising pretrial services officer and the proffers of Defendant's counsel and

the government's counsel and the revocation petition, all in light of the factors listed in 18 U.S.C. § 3142(g) (as appropriate), in determining whether there is any condition or combination of conditions that will reasonably assure Defendant's appearance as required and the safety of any other person and the community if Defendant is released on conditions pending the pretrial (or presentencing) release revocation hearing in the Eastern District of Texas.

The evidence shows that Defendant has tested positive for cannabinoid use 10 times since June 2022, even while attending substance abuse counseling beginning in August 2022, and has admitted to using, as recently as late September 2022, CBD or THC products, which pretrial services advised him were prohibited. Defendant has now pleaded guilty in the pending case in the Eastern District of Texas to a violation of 21 U.S.C. § 846, and Defendant told his pretrial services officer that he expects to be sentenced to prison and is living it up until then. And Defendant has now been adjudged guilty, on his guilty plea, of the Section 846 violation, which carries a mandatory minimum of 5 years imprisonment, up to 40 years.

The Court appreciates and understands that Defendant has a stable job and residence and family members willing to serve as third-party custodians. But Defendant faces presentencing, not pretrial, release at this point, and 18 U.S.C. § 3143(a) – apparently 18 U.S.C. § 3143(a)(2) – is implicated as to Defendant's continuing on release pending sentencing. In any event, based on Defendant's conduct over the last several months, even while in substance abuse treatment, the Court finds that there is no combination of conditions that could be set to reasonably assure

that Defendant will not engage in prohibited drug use (and thereby pose a risk to the safety of the community) if released pending the revocation hearing in the Eastern District of Texas.

It is ORDERED that Defendant be, and he is hereby, temporarily committed to the custody of the Attorney General and United States Marshal pending a determination after further proceedings in the Eastern District of Texas of whether Defendant may continue on release.

It is ORDERED that while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: November 23, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE